UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENEE WILLIAMS,

                    Plaintiff,

        -against-                                      25-CV-10832 (LTS)

PETER CHUWKA OGBUKA; ERIC                          ORDER OF DISMISSAL
GONZALEZ; JUDGE GUY J. MANGANO;
ROSE M. SINGER CORRECTIONAL FACILITY;
DANIELLE DILL,

                    Defendants.

---

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action asserting claims against Peter

Chuwka Ogbuka, who she identifies as a private physician in Westchester County; Eric

Gonzalez, the Kings County District Attorney; Judge Guy J. Mangano; the "Rose M. Singer

Correctional Facility," and Danielle Dill. Although these Defendants are named in the caption,

the body of the complaint does not include any allegations against any of these Defendants. By

order dated January 12, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons

set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff uses the court's general complaint form, and under the question concerning which federal constitutional or federal rights have been violated, Plaintiff writes: "Habeas corpus due to house of corruption illegal immigrant retained the Brooklyn Defender to place me inside mental court utilizing mental hygiene level service that's in alliance with supreme court criminal term." (ECF No. 1,. at 2.)

In the statement of facts, Plaintiff appears to allege that her spouse "retained the Brooklyn Defenders on false charges." (*Id*.) She next asserts that she was released on her own recognizance on May 23, 2023 and was issued a temporary order of protection. (*Id*.) She states:

> I've paid for 398/23, 293/23, NYPD 222/25, 5222/19 divorce [ ] was deny at 360 Adams St . . . due to conspiracies, corruption by judges in family court criminal court in housing court the Cohen's family member being elected into office for prejudice bias discrimination entrapment, sex crimes, sex scandals, sodomy, modern day slavery crime ring.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(*Id*.) She adds: "I'm being charge false charges on myself due to Cohen's family whom took my ACS case in relocated in my community only harassed aggravated menacing utilizing criminal court inmates parole, parole staff probation entities staff." (*Id*. at 3.) She alleges the following injuries: "knee's, teeth, finger, toes, skin, genital area part might be mutilated due to sex crime utilizing [ ] smart sex toy that connected with cellphone creator's inventor of sex like [ ], VR porn sex dolls, creator invented to said money molestors." (*Id*.) She makes no allegations against any of the named Defendants.

## DISCUSSION

### A.    Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff

has provided the court with a narrative of what she believes − that unnamed persons or entities have conspired to deprive her of her federally protected rights. Despite all of the details provided, Plaintiff has pleaded no factual predicate in support of her assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because the allegations were "irrational and wholly incredible").

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an

amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 12, 2026
         New York, New York

_____
         Louis L. Stanton
         U.S.D.J.

5