UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

PETER CHUWKA OGBUKA; et al.,

Defendants.

25-CV-10832 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order dated and entered on January 12, 2026 (ECF No. 6) and judgment dated and entered on January 15, 2026 (ECF No. 7), the Court dismissed this *pro se* action as frivolous. The docket reflects that both the order of dismissal and the civil judgment were mailed to Plaintiff at her address of record at the Rose M. Singer Center on Rikers Island, but both documents were returned to the Court as undeliverable. According to the New York City Department of Correction Person In Custody Lookup Service, Plaintiff is no longer confined on Rikers Island. Contrary to Standing Order M10-468, which was mailed to Plaintiff while she was confined on Rikers Island on January 6, 2026, Plaintiff has not provided the Court with a notice of change of address.

About six months after entry of the order of dismissal and civil judgment, on July 14, 2026, Plaintiff filed an Application for the Court to Request Pro Bono Counsel (ECF No. 9), which the Court denied as moot in light of the dismissal of the complaint as frivolous (ECF No. 14).

On July 21, 2026, the Court received from Plaintiff two documents: (1) a notice of appeal (ECF No. 12), and (2) a Motion for Extension of Time to File Notice of Appeal (ECF No. 13). Plaintiff's motion invokes Rule 4(a)(5) of the Federal Rules of Appellate Procedure and, in the

motion, Plaintiff asserts that she did not timely file a notice of appeal because: “Released from [Central New York Psychiatric Center] to Rose M. Singer without no assistance from defense lawyer, then a change of address, then I didn’t know how to look myself within the courts.” (ECF No. 13.) The motion bears Plaintiff’s signature and a residential address for her. (*Id.*)

The Court construes Plaintiff’s motion as also seeking to reopen the time to file a notice of appeal, under Rule 4(a)(6) of the Federal Rules of Appellate Procedure (“Rule 4(a)(6)”). For the reasons discussed below, the Court must deny both motions.

**DISCUSSION**

Plaintiff’s Rule 4(a)(5) motion is untimely and is therefore denied. A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal can be filed or within 30 days thereafter. *See* Fed. R. App. P. 4(a)(5)(A)(i). The Clerk of Court entered the civil judgment on January 15, 2026. Plaintiff had 30 days from that date to file a timely notice of appeal. Plaintiff filed her motion 187 days later, on July 21, 2026.[1] The Court therefore denies the motion as untimely.

The Court next considers Plaintiff’s motion under Rule 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

[1] Because it appears that the notice of appeal and motion for extension were filed by Plaintiff while she was at liberty—that is, while she was not incarcerated in a jail or prison—her filings are not entitled to the benefit of the prison mailbox rule and are therefore deemed to have been filed when the Court received them. *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule).

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

To the extent that Plaintiff alleges that she never received a copy of the order of dismissal and civil judgment, and seeks relief under Rule 4(a)(6), the Court denies the Rule 4(a)(6) motion as untimely because she did not file her motion within 180 days of the entry of the civil judgment. The civil judgment was entered on January 15, 2026, and she filed her motion on July 21, 2026, which is 187 days after the civil judgment was entered. Because the motion is untimely, the Court must deny the motion.

**CONCLUSION**

The Court denies Plaintiff's motion seeking an extension of time to file a notice of appeal and her motion to reopen the time to file an appeal. The Court directs the Clerk of Court to terminate the motion at ECF No. 13.

The Clerk of Court is directed to update Plaintiff's address on the docket sheet to reflect the residential address from where she mailed her motion, 460 Beach 43rd Street, Apt. 1, Queens, New York 11691, and mail a copy of this order to Plaintiff at that address.

This case is closed.

SO ORDERED.

Dated: August 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.